**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMES A. ADDO, | DOCKET NUMBER |
| Appellant, | DC-0752-16-0427-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, | DATE: May 4, 2022 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Warren Beard</u>, Fayetteville, North Carolina, for the appellant.

<u>James J. Woodruff, II</u> and <u>Michelle Marty</u>, Joint Base Andrews, Maryland,
   for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review of the initial decision, which
mitigated the appellant's removal to a 30-day suspension. For the reasons
discussed below, we GRANT the agency's petition for review. Except as
expressly MODIFIED by this Final Order to mitigate the appellant's removal to a

---

[1]  A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

demotion to a nonsupervisory position at the next highest grade and a 30-day suspension, we AFFIRM the initial decision.

## BACKGROUND

¶2    The agency removed the appellant from his GS-11 Supervisory General Supply Specialist position based on the following charges: (1) Inflicting Bodily Harm on Another (one specification); (2) Unprofessional Conduct and Harassment (four specifications); (3) Deliberate Concealment of Material Facts in Connection with an Official Document (one specification); and (4) Unauthorized Absence of Eight Hours or Less (one specification).  Initial Appeal File (IAF), Tab 8 at 28, 30-32, Tab 9 at 71-73.  The appellant filed an appeal with the Board. IAF, Tab 1.  Although he initially requested a hearing and asserted an affirmative defense of equal employment opportunity (EEO) discrimination, *id.* at 2, 6, he subsequently withdrew both his request for a hearing and his affirmative defense, IAF, Tab 43.

¶3    In her initial decision, the administrative judge found that the agency failed to prove its first charge because the record did not support a finding that the appellant inflicted physical harm.  IAF, Tab 50, Initial Decision (ID) at 3-5.  The administrative judge sustained the first two specifications of the second charge, found that the third specification merged with the second specification, and determined that the agency failed to prove the fourth specification.  ID at 5-11. The administrative judge also found that the agency failed to establish the third and fourth charges by preponderant evidence.  ID at 11-16.  The administrative judge found a nexus between the sustained misconduct and the efficiency of the service and concluded that the maximum reasonable penalty for the sustained misconduct was a 30-day suspension.  ID at 17-19.

¶4    The agency has filed a petition for review, arguing that the administrative judge erred in mitigating the penalty.  Petition for Review (PFR) File, Tab 1.  The agency does not argue that the administrative judge erred in not sustaining

charges one, three, and four, or specification four of charge two. *Id.* The appellant has not filed a cross petition for review, or otherwise argued that the administrative judge erred by sustaining the second charge. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      When, as here, the Board does not sustain all of the charges, it will carefully consider whether the sustained charges merit the penalty imposed by the agency. *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 17 (2014). The process of mitigation is not, however, a mathematical one in which the penalty previously imposed must be reduced by the percentage of the charges and specifications not sustained. *Valdez v. Department of Justice*, 65 M.S.P.R. 390, 394 (1994).

¶6      The Board may mitigate the penalty imposed by the agency to the maximum penalty that is reasonable in light of the sustained charges as long as the agency has not indicated either in its final decision or in proceedings before the Board that it desires that a lesser penalty be imposed for fewer charges. *Boo*, 122 M.S.P.R. 100, ¶ 17. Here, the deciding official did not indicate that he would have imposed a lesser penalty if only specifications one and two of charge two were sustained. IAF, Tab 46 at 28-34. As already noted, the agency argues, however, that the appellant should still be removed based on the sustained misconduct. PFR File, Tab 1. Thus, the issue before the Board is whether the administrative judge erred in mitigating the appellant's removal to a 30-day suspension for the two sustained specifications under the charge of unprofessional conduct and harassment, and, if she did err, what penalty should be imposed.

¶7      The essential facts surrounding the first of the two sustained specifications are that the appellant was meeting with a female subordinate and another employee about what he believed was disrespectful conduct by the subordinate when, at the end of the meeting, the appellant asked the subordinate for a hug, and when she refused his request, he ordered her to hug him. ID at 7; IAF, Tab 9

at 71, Tab 36 at 12. When she refused his order, the appellant grabbed the subordinate by the arms and attempted to pull her to a standing position from a chair. ID at 7; IAF, Tab 9 at 71. The essential facts surrounding the second of the two sustained specifications are that three of the appellant's subordinates brought to his attention that they were going to file EEO complaints against the subordinate identified in the first specification discussed above. ID at 7-8; IAF, Tab 9 at 71, Tab 36 at 13. The appellant advised them to try to resolve their differences with the subordinate with a face-to-face discussion with her. ID at 7-8; IAF Tab 36 at 13.

¶8         The Board has identified several factors as relevant in determining the appropriateness of a penalty. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).[2] The most important of these factors is the nature and seriousness of the offense. *Boo*, 122 M.S.P.R. 100, ¶ 18. Among the considerations included in this factor are the relationship of the offense to the employee's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated. *Id.*

¶9         The two incidents of sustained misconduct were serious and were clearly related to the appellant's supervisory position with the agency, as one involved the unwanted touching of a subordinate and the second involved discouraging employees from participating in agency programs designed to promote a workplace free of discrimination. Furthermore, there is no question that the misconduct was intentional.[3]

---

[2] In *Douglas*, 5 M.S.P.R. at 305-06, the Board articulated a nonexhaustive list of factors, both aggravating and mitigating, that are relevant to the penalty determination in adverse action cases.

[3] In its petition for review, the agency argues that the penalty of removal is appropriate, in part, because of the appellant's *repeated* grabbing of the subordinate employee. PFR File, Tab 1 at 5. However, neither the proposal notice, the decision notice, the agency's *Douglas* factors worksheet, nor the deciding official's sworn declaration make any reference to the appellant grabbing the subordinate more than once. IAF, Tab 8 at 30-38, Tab 9 at 71, Tab 46 at 29, 33-34. Only the charges and specifications set forth

¶10    The Board has held that misconduct similar in nature to the first sustained specification warrants a significant disciplinary action. *Woodford v. Department of the Army*, 75 M.S.P.R. 350, 357-58 (1997) (finding demotion to a nonsupervisory position to be the maximum reasonable penalty when the appellant, with 23 years of outstanding service, hugged a coworker and kissed her on the top of her head even though she denied his request for permission to do so). While we are unaware of Board precedent addressing the appropriate penalty for misconduct similar to the second sustained specification, we find that it too supports a disciplinary action.

¶11    In addition, the appellant's role as a supervisor supports a significant penalty. *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 16 (2013) (stating that agencies can hold supervisors to a higher standard of conduct). Furthermore, the appellant has shown little remorse for his actions, which suggests a poor potential for rehabilitation and supports a significant penalty. *See Render v. Department of Veterans Affairs*, 90 M.S.P.R. 441, ¶ 17 (2001) (considering lack of remorse in a penalty determination and finding that the appellant's failure to recognize that her acts were improper demonstrates that she lacked rehabilitation potential).

¶12    The administrative judge relied on some mitigating factors in reducing the penalty to a 30-day suspension. ID at 17-19. For instance, at the time of the disciplinary action, the appellant had over 10 years of Federal service with no prior discipline, which is a mitigating factor. IAF, Tab 11 at 22, Tab 46 at 30; *see Wentz v. U.S. Postal Service*, 91 M.S.P.R. 176, ¶ 18 (2002) (finding the

in the proposal notice may be used to justify the penalty, and thus the agency's argument on review is misplaced. *Guerrero v. Department of Veterans Affairs*, 105 M.S.P.R. 617, ¶ 6 (2007). Regarding the second sustained specification, although the specification provides that the appellant engaged in the misconduct on multiple occasions and the administrative judge discussed two incidents in the initial decision, there is no indication that the agency identified more than a single incident prior to the Board proceeding. IAF, Tab 9 at 71, Tab 35 at 19; ID at 8. Thus, we will only consider the single incident in assessing the penalty. *See Guerrero*, 105 M.S.P.R. 617, ¶ 6.

appellant's 13 years of service without prior discipline a "significant mitigating factor").

¶13      Nevertheless, after considering the aggravating and mitigating factors in this case, we do not agree with the administrative judge that a 30-day suspension is the maximum reasonable penalty. The appellant's misconduct here raises legitimate concerns about his judgment and demonstrates that he is not well suited for a supervisory role. Accordingly, we find that the maximum reasonable penalty in this case is a demotion to a nonsupervisory position at the next highest grade and a 30-day suspension. *See Fischer v. Department of the Treasury*, 69 M.S.P.R. 614, 619 (1996) (finding that a demotion to a nonsupervisory position at the next highest grade and a 90-day suspension was the maximum reasonable penalty when the appellant's misconduct, among other things, called into doubt his ability to act as a supervisor).

## ORDER

¶14      We ORDER the agency to cancel the removal action and to replace it with a 30-day suspension and a demotion to a nonsupervisory position at the next highest grade effective March 11, 2016. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶15      We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶16      We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶17      No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶18      For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.

You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.